UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-CV-49 |
| | § | |
| ONE SMITH AND WESSON | § | |
| SDV9VE PISTOL, 9 MM; SN | § | |
| FEC0557 | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the court is Plaintiff United States of America's motion for default judgment and entry of final order of forfeiture. (Dkt. No. 14). On January 9, 2024, United States District Judge Marina Garcia Marmolejo referred Plaintiff's motion to the Undersigned for a report and recommendation. (Dkt. No. 15). After considering the motion, record, and relevant authorities, the Undersigned recommends the United States' motion be **GRANTED** and the firearm be **ORDERED** forfeited.

### I. BACKGROUND

This case commenced as a forfeiture in rem action concerning one Smith and Wesson SDV9VE Pistol, 9mm; Serial Number: FEC0557 ("Defendant Firearm") in the custody of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). (Dkt. No. 1 at 1). Plaintiff United States filed a complaint for forfeiture of the Defendant firearm under 18 U.S.C. § 924(d)(1) on grounds the Defendant firearm was involved in a knowing violation of 18 U.S.C. § 922(a)(6). (*Id.*). On October 11, 2023, the Clerk of the Court entered default. (Dkt. No. 13). In the instant motion, the United States now seeks a final default judgment. (Dkt. No. 14).

## II. LEGAL STANDARD

Obtaining a default judgment is a three-step process: "(1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment." *United States v. Del-Ton DTI-15 Rifle*, No. 7:19-CV-00340, 2020 WL 13413217, at *1 (S.D. Tex. Sept. 25, 2020); *Bieler v. HP Debt Exch., LLC*, No. 3:13-CV-01609, 2013 WL 3283722, at *2 (N.D. Tex. June 28, 2013) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). Once entry of default is made, "plaintiff may apply for a judgment based on such default. This is a *default judgment*." *N.Y. Life Ins. Co.*, 84 F.3d at 141. Here, in the absence of any responsive pleadings pursuant to Federal Supplemental Rule of Civil Procedure G(5), the Clerk of the Court entered default. (Dkt. No. 13). The only remaining question is whether the third step—actual entry of default judgment—is appropriate.

Federal Rule of Civil Procedure 55(b) authorizes entry of default judgment with court approval, which is not lightly granted. Default judgments are a disfavored and drastic remedy, resorted to only in extreme situations such as an unresponsive party. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The Court will not grant default judgment automatically or as a matter of right, even if a defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Whether to grant default judgment is left to the sound discretion of the Court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Determining the propriety of default judgment is itself a three-step process.

First, the Court must determine whether Plaintiff's claims are well-pled and substantively meritorious. *See Del-Ton DTI-15 Rifle,* 2020 WL 13413217 at *1 (citing *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015)). After all, a defendant's failure to answer or otherwise defend does not mean the particular legal claims levied are valid and merit judgment against the defendant. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When analyzing the merits of claims, the Court may assume the truth of all well-pled allegations in Plaintiff's complaint because defendants, by defaulting, admit well-pled allegations of fact. *Id.* But the Court will not hold defendants to admit facts that are not well-pled or to admit conclusions of law. *Id.*

Second, if Plaintiff states a well-pled claim for relief, the Court examines six factors to determine whether to grant default judgment:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Third, if the plaintiff's claims are meritorious and default judgment appears appropriate, the Court must determine whether the requested relief is proper. Specifically, default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c); *see also Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 813 (5th Cir. 2018) (holding that rendering relief in a default judgment differs from other kinds of judgment).

## III. ANALYSIS

**A. Whether Plaintiff's Claim is Substantively Meritorious**

Plaintiff alleges the Defendant firearm is subject to forfeiture pursuant to Title 18 U.S.C. §§ 922(a)(6) and 924(d)(1).[1] (Dkt. Nos. 1 and 14). Section 922 provides that:

> It shall be unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter;

18 U.S.C. § 922(a)(6). Section 924(d)(1) provides that:

> Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (a)(6) . . . of section 922 . . . where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture . . .

*Id*. § 924(d)(1). The United States alleges Daniel Cisneros ("Cisneros") acquired the Defendant firearm on September 25, 2022, from an Academy Sports and Outdoors Store, a licensed firearms dealer. (Dkt. No. 1 at 1). The required firearms transaction record, ATF Form 4473, completed by Cisneros at the time of purchase indicated Cisneros resided at a home in the 200 block of Pin Oak Street, Laredo, Texas. *Id*. at 1 and 4. Cisneros certified the information provided on the ATF Form 4473 was true, correct, and complete. *Id*. at 1–2.

---

[1] The United States cites 18 U.S.C § 922(a)(1) in its motion for default judgment and entry of final order of forfeiture. (Dkt. No. 14). However, in the motion, the United States incorporates its complaint by reference. *Id*. at 1, ¶ 1. In the United States' complaint, (Dkt. No. 1), when describing the charge it properly cites 18 U.S.C. § 922(a)(6).

On January 10, 2023, special agents with the Federal Bureau of Investigation ("FBI") and Drug Enforcement Administration ("DEA") assisted Web County Deputy Sheriffs with the execution of a state search warrant at a residence located in the 2900 block of Pecan Street, Laredo, Texas. *Id*. at 2. The residence is home to Cisneros. *Id*. During the execution of the search warrant, agents recovered the Defendant firearm. *Id*. at 2. Next to the Defendant firearm was a wallet containing a Texas driver's license belonging to Cisneros. *Id*. at 2. The Defendant firearm was turned over to ATF. *Id*. at 2.

ATF Special Agent Darren Johnson and FBI Special Agent Mark Christenson spoke to Cisneros regarding the weapon. *Id*. at 2. Cisneros stated the Defendant firearm was purchased by him at an Academy Sports and Outdoors Store. *Id*. at 2–3. He further stated when he purchased the weapon, he understood and completed the ATF Form 4473. *Id*. at 3. He stated that on the ATF Form 4473 he identified his residence as a home in the 200 block of Pin Oak Street, Laredo, Texas, but admitted the residence in the 2900 block of Pecan Street was his primary address. *Id*. at 3. Subsequently, ATF Special Agent Darren Johnson and Task Force Officer Jose Morales went to the residence in the 200 block of Pin Oak Street and spoke to its owner. *Id*. at 3. The owner stated Cisneros has never lived at his residence. *Id*. at 3.

The Undersigned finds the United States' well-pled allegations substantively meritorious. Plaintiff's complaint alleges Cisneros, at the time of purchase of the Defendant firearm, falsely indicated he resided at an address in Laredo, Texas, where he has never lived. *See* (Dkt. Nos. 1 and 14). This is a violation of 18 U.S.C. § 922(a)(6),

which subjects his firearm to forfeiture under 18 U.S.C. § 924(d)(1). The Court now turns to whether default judgment is appropriate.

### B. Whether Default Judgment is Proper

The Undersigned examines the six factors to determine the propriety of default judgment. *Lindsey*, 161 F.3d at 893. The record does not reveal any material issues of fact and the grounds for default are clearly established because, as detailed above, the United States has established through its allegations that its claims are substantively meritorious. Cisneros, by his failure to appear, cannot contest the United States' well-pled allegations. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). There is no substantial prejudice to any claimant, because the United States complied with the notice provisions of Federal Supplemental Rule of Civil Procedure G(4)(a).[2] There is no indication in the record that Cisneros' default has been caused by a good faith mistake or excusable neglect, so default judgment is not unduly or prejudicially harsh. In light of the foregoing, the Undersigned finds the Court would not be obliged to set aside a default judgment on a claimant's untimely motion. For these reasons, default judgment as to Plaintiff's claim is proper.

### C. Appropriate Relief

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The United States requests

---

[2] *See* Dkt. No. 7 (United States' advisory detailing notice); Dkt. No. 9 (United States' declaration of publication and advertisement certification report); Dkt. No. 10 (United States' advisory stating no claim or answer has been filed by Daniel Cisneros).

forfeiture pursuant to 18 U.S.C. § 924(d)(1). (Dkt. No. 14 at 3). That statute provides "[a]ny firearm or ammunition involved in or used in any knowing violation of subsection . . . (a)(6) . . . of section 922 . . . where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture . . ." 18 U.S.C. § 924(d)(1). In the context of 18 U.S.C. § 922(a)(6) the Supreme Court has held "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *Dixon v. United States*, 548 U.S. 1, 5 (2006). Cisneros stated on the ATF Form 4473 that his residence was in the 200 block of Pin Oak Street, Laredo, Texas, when it was not. (Dkt. No. 1 at 3). Accordingly, the United States' allegations establish forfeiture pursuant to 18 U.S.C. § 924(d)(1) is appropriate for a knowing violation of law. The Undersigned agrees with the United States that the Defendant firearm is subject to forfeiture.

## IV. RECOMMENDATION

For the foregoing reasons, the Undersigned recommends the United States' motion for default judgment and entry of final order of forfeiture be **GRANTED**. (Dkt. No. 14). The Undersigned further recommends the Defendant firearm, specifically the Smith and Wesson SD9VE Pistol, 9mm; Serial Number: FEC0557, be **ORDERED** forfeited and all right, title, and interest in the Defendant firearm immediately vest in the United States. The Undersigned finally recommends this case terminate upon entry of the final judgment.

## NOTICE TO PARTIES

The Clerk shall file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** January 29, 2024.

_____
Christopher dos Santos
United States Magistrate Judge