United States District Court
Southern District of Texas
**ENTERED**
March 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:23-CV-49 |
| § | |
| ONE SMITH AND WESSON SDV9VE § | |
| PISTOL, 9 MM; SN FEC0557 § | |

**ORDER**

Pending before the Court is the Government's Motion for Default Judgment and Entry of Final Order of Forfeiture (Dkt. No. 14). On January 29, 2023, Magistrate Judge Christopher dos Santos issued a Report and Recommendation that the district court grant default judgment (Dkt. No. 16). Having reviewed the Report and finding no clear error, the Court hereby **ADOPTS** the Report (Dkt. No. 16) **IN WHOLE.** Accordingly, the Government's motion (Dkt. No. 14) is hereby **GRANTED**.

### I. BACKGROUND

**A. Factual Background**

This case arises from the execution of a state search warrant at a residence on Pecan Street in Laredo, Texas (Dkt. No. 1 at 2). Federal and state law enforcement agents executing the warrant recovered one Smith & Wesson SDV9VE Pistol ("Defendant Pistol") (*id.*). One of the residents, Daniel Cisneros, admitted that he had used a different Pin Oak Street address in ATF Form 4473 to acquire the Defendant Pistol (*id.* at 3). Agents then spoke to the owner of the listed Pin Oak Street residence, who confirmed that Mr. Cisneros had never lived there (*id.*).

**B. Procedural History**

On May 5, 2023, the Government filed its verified complaint for forfeiture *in rem* against the Defendant Pistol (Dkt. No. 1). The Government brought the complaint under 18 U.S.C. § 922(a)(6), which makes it unlawful to acquire a firearm from a licensed firearm dealer by knowingly making any false statement to deceive the dealer about the lawfulness of the sale (*id.* at 1). The complaint specified that Mr. Cisneros purchased the Defendant Pistol from a licensed dealer by knowingly listing a false address on the ATF Form 4473 he completed at the time of the purchase (*id.*).

On May 15, 2023, the Clerk of Court issued a warrant of arrest *in rem* against the Defendant Pistol directing the Government to give notice by online publication to all individuals who may have a property claim in the Defendant Pistol (Dkt. No. 5). Thereafter, in compliance with Federal Rule of Civil Procedure G(4), the Government published notice of the action on its website and served the notice on all known claimants (Dkt. Nos. 7, 9). The electronic notice complied with Rule G(4)'s timing and content requirements: the Government published notice on an official government interest website for 30 consecutive days; it described the Defendant Pistol with reasonable particularity; it announced the deadline to file a claim or answer; and it identified the attorney to be served (Dkt. No. 9). Further, the Government served notice on Mr. Cisneros personally, thereby complying with Rule G(4)'s requirements for known claimants (Dkt. No. 7).

On August 25, 2023, the Government sought a clerk's entry of default (Dkt. No. 12). The clerk granted the request, which was proper, because (1) all known

claimants failed to assert a claim by the deadline set forth in the Government's direct notice, (2) no other person filed a claim by the deadline set forth in the Government's electronic notice, and (3) no answer was filed (Dkt. Nos. 7, 9, 10). *See also* Fed. R. Civ. P. G(5)(a)(ii), (b). Thereafter, the Government moved for default judgment and a final order of forfeiture (Dkt. No. 14). On January 9, 2024, the Government's motion was referred to the magistrate judge, who issued a Report and Recommendation recommending the Court grant the Government's motion and order that the Defendant Pistol be forfeited (Dkt. Nos. 15, 16). The fourteen-day objection period has since lapsed without objection. *See* Fed. R. Civ. P. 72(b)(2) (providing for the 14-day objection period). The Court thus reviews the Report for clear error. *See* Fed. R. Civ. P. 72(b); *Hack v. Wright*, 396 F. Supp. 3d 720, 730 (S.D. Tex. 2019).

## II.     LEGAL STANDARD

As the Fifth Circuit has explained:

> Because it is important to keep straight default language, a review of the terms regarding default is appropriate. A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After [a] defendant's default is entered, [a] plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (italics in original); *see also* Fed. R. Civ. P. 55.

After a party moves for a default judgment, a district court applies a two-part analysis to determine whether the entry of default judgment is appropriate. First, the Court considers the six factors set forth in *Lindsey v. Prive Corp.*, 161 F.3d 886

(5th Cir. 1998). These factors are (1) whether there are pending material issues of fact, (2) whether there has been substantial prejudice, (3) whether grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion for relief from the judgment. *Id.* at 893.

Second, the district court must assess the sufficiency of the complaint to determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Because default judgment is a "drastic remedy, not favored by the Federal Rules, and resorted to by courts only in extreme situations," a party "is not entitled to default judgment as a matter of right, even where the defendant is technically in default." *United States v. 14,887 COVID Test Kits*, No. 5:20-cv-153, Dkt. No. 12 at 3–4 (S.D. Tex. Nov. 19, 2021) (citations omitted). Thus, entering default judgment is committed to the discretion of the district court. *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018).

### III. DISCUSSION

**A. The Six *Lindsey* Factors**

Here, all six *Lindsey* factors weigh in favor of entering default judgment. First, there are no material facts in dispute because no party filed a timely claim for the Defendant Pistol. *See, e.g., United States v. $37,603.00 in US Currency*, No. 4:20-cv-222, 2021 WL 3013337, at *3 (S.D. Tex. July 16, 2021). Second, any putative

claimants would not be unduly prejudiced by a default judgment because the Government has provided ample opportunity for a claimant to notify the Government and the Court of any purported interest and no person or entity has defended their interest. *See $37,603.00 in US Currency*, 2021 WL 3013337, at *3 (citations omitted). Third, based on the verified complaint and the procedural history of this case, the grounds for entering default judgment have been clearly established. *See id.* Fourth, the record contains no evidence that the default of any potential claimant resulted from a good faith mistake or excusable neglect. *Id.* Fifth, entering default judgment would not be unduly harsh because the Government provided the known claimants and other potential claimants adequate notice and opportunity to file a claim. *See id.* And sixth, the record contains no facts that would lead the Court to anticipate it may set aside the clerk's entry of default or vacate a default judgment. *See id.* Because all six *Lindsey* factors weigh in the Government's favor, entering default judgment is procedurally proper. *See id.*

### B. Sufficiency of the Pleadings

The Government's verified complaint alleges a sufficient basis for forfeiture. Under 18 U.S.C. § 924(d)(1), any firearm acquired in violation of 18 U.S.C. § 922(a)(6) may be seized by and forfeited to the United States. The statute thus encompasses firearms acquired by knowingly providing false information in ATF Form 4473. *See generally Abramski v. United States*, 573 U.S. 169, 181 (2014) (noting that a buyer's address, among other identifying information, enables a dealer to "verify whether a buyer is legally eligible to own a firearm"). Thus, based on the Government's

allegation that Mr. Cisneros provided a false address on ATF Form 4473 to purchase the Defendant Pistol, it is subject to forfeiture.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby **ADOPTS** the Report (Dkt. No. 16) **IN WHOLE.** The Government's motion (Dkt. No. 14) is **GRANTED**. The Court will enter a final order of forfeiture under separate cover.

It is so **ORDERED**.

**SIGNED** March 4, 2024.

Marina Garcia Marmolejo
United States District Judge